PRESIDENT AND FELLOWS OF HARVARD COLLEGE v. KEMPNER et al.

(Supreme Court, Appellate Division, Second Department.   April 23, 1909.)

1. PRINCIPAL AND SURETY (§ 66*)—CONSTRUCTION OF CONTRACT.

Where defendants executed a bond to a college, conditioned upon the payment by a prospective student of any sum that should become due the college, including all sums for board and gas, together with such sums as might be charged him for the rent of any room which may be assigned to him, in accordance with his application, before he becomes a student of the college, and the student entered in 1903, and in 1906 contracted for a room for the next college year, but failed to return the next year, the sureties were liable for the room rent, the college having made a reasonable effort to rent it to others; and a contention that they would not be liable because the room was not assigned before the student entered the college was untenable, a fair construction of the bond imposing a liability for any room which might be assigned to him in accordance with his application to become a student.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 108; Dec. Dig. § 66.*]

2. PRINCIPAL AND SURETY (§ 83*)—SURETIES' LIABILITY.

Where defendants bound themselves to pay to a college the rent of any room, etc., which might be assigned an infant student, they cannot raise the question of infancy to escape liability for any contract the infant made within the scope of the obligation of the bond.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 130; Dec. Dig. § 83.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the President and Fellows of Harvard College against Otto Kempner and another.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Philip H. Leifert (Sigismund B. Levy, on the brief), for appellant.
Otto Kempner, for respondents.

WOODWARD, J.   The defendants in this action made and delivered their certain bond or obligation to the plaintiff on the 29th day of April, 1903, the condition of the bond being that:

"If the above-bounden obligors, their heirs, executors, and administrators, or either of them, shall well and duly pay, or cause to be paid, promptly, unto the said President and Fellows of Harvard College, * * * the whole of such sum or sums of money as shall become due to the said President and Fellows from Henry Kempner, * * * including all such sums as shall become due to said President and Fellows for board or gas, or for money advanced therefor, * * * together with such sums as may be charged to him * * * for the rent of any room which may be assigned to him, in accordance with his application, before he becomes a student in the university, then this obligation shall be void," etc.

Henry Kempner made his application and entered the university in the fall of 1903, and remained a student up to June, 1906.   On the 28th day of February, 1906, in accordance with the usages of the university, Henry Kempner entered into a written contract with the plaintiff for room No. 49 in Matthews Hall for the academic year of 1906–07,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreeing to pay therefor the sum of $245. For some reason Henry Kempner did not return to college for the academic year of 1906 and 1907, and the plaintiff, after vainly trying to rent the room for the account of Henry Kempner and failing so to do, charged his account with this sum, and the present action is brought to recover the contract price of the room from the defendants. Upon the trial of the action the plaintiff proved these facts, and defendants moved to dismiss the complaint on the grounds that the plaintiff had failed to make out a cause of action; that the plaintiff had failed to establish any contract with the defendants; that the plaintiff was a foreign corporation, and that it had not shown that it was registered, as required by the general corporation law (Laws 1892, p. 1800, c. 687); that the plaintiff by its bill of particulars stated that the defendants' agreement with the plaintiff was to reimburse the plaintiff, and to pay said plaintiff the sums that may be due it from said Henry Kempner for board or gas or money advanced while said Henry Kempner was a student in the university conducted by the plaintiff, and that the evidence introduced does not show that the said Henry Kempner used any board or gas during the time he was a student in the college; that the contract introduced in evidence was made by Henry Kempner while an infant, without the knowledge of the sureties. Decision was reserved, and the defendants put in their evidence, and then the learned court rendered a decision, dismissing the complaint.

We are not informed upon what ground the learned court based its conclusion, but we are of the opinion that it was error to dismiss the complaint. The bond in evidence clearly shows a contract between the plaintiff and defendants. It was entered into for the purpose of securing to the plaintiff the payment of the expenses of Henry Kempner during his college course, and the whole defense is a quibble. The young man, evidently following the usages of the university, and intending to continue his studies, entered into a contract for his room for the academic year of 1906–07, just as the bond fairly contemplated should be done, and the mere fact that for some reason he was prevented from returning does not relieve his sureties from the obligation of paying for the rent of the room; the plaintiff having made reasonable efforts to reduce the damages. A fair sample of the reasoning indulged in to support the judgment is found in the contention that under the terms of the bond the defendants are not liable, because the room was not assigned to him before he became a student of the university. The term of the bond, it will be remembered, was that it was to secure the payment, among other things, "for the rent of any room which may be assigned to him, in accordance with his application, before he becomes a student of the university," and the respondents point out in their brief that this room "was not assigned before Kempner became a student of the university." But the contract is not for the room assigned to him before he enters the university, but for "any room which may be assigned to him in accordance with his application" to become a student of the university. That is the only intelligent construction of the language used, and it is fairly what the contract meant to intelligent men when it was made, and it should not be defeated by any forced construction.

It is not necessary to discuss the suggestion that· plaintiff, in accepting a surety bond, is within the provisions of the general corporation law of this state, or that the defendants have any standing to raise the question of Henry Kempner's infancy. The very object of the bond was to secure the plaintiff against the contracts of infants—was to provide against losses due to irresponsible students. The defendants undertook to say that they would see that his contracts were carried out, within the limits of his obligations as a student of the university; and if Henry Kempner made a contract within the scope of the authority conferred under the bond they are bound to meet the obligation.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.